# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES STANLEY | : CIVIL ACTION |
| v. | : NO. 18-1989 |
| COLUMBIA SUSSEX MANAGEMENT, LLC | : |

## MEMORANDUM

**KEARNEY, J.**                                                                             **June 14, 2018**

We today address venue in a personal injury case brought by a Florida citizen against a Kentucky citizen arising from an accident involving a hotel van in Chicago. Congress does not permit venue here – except the injured Floridian hired a Philadelphia lawyer who originally sued a Maryland/Delaware citizen in Philadelphia state court. The defendant removed here. The parties cannot show a reason to litigate the case in this federal court and, at one point, the defendant requested transfer to the Northern District of Illinois. Hours later, the defendant filed an amended memorandum deleting its request for transfer to the Northern District. This curious change resulted in our rule to show cause as to why we should not transfer under 28 U.S.C. §1404(a). In response, we now confirmed the only connection to this District is the parties' lawyers and a treating physician are here. As venue is properly focused on the parties, not their lawyers, we must transfer to the district where the accident occurred, with the key witnesses and most familiar with the Illinois negligence standards. In the accompanying Order, we transfer venue to the Northern District of Illinois.

## I. Facts

Floridian James Stanley allegedly sustained injuries in a Chicago Marriott O'Hare transportation van owned by Columbia Sussex Management, LLC.[1] He seeks damages for negligence under Illinois law.

Mr. Stanley's Philadelphia lawyer sued Marriott International in the Court of Common Pleas for Philadelphia County.[2] Marriott, a Maryland/Delaware citizen, removed to this Court.[3] In response to our first show cause order, Marriott's Philadelphia lawyer asked we transfer the case to the Northern District of Illinois.[4] A few hours later, Marriott amended its response and deleted the request to transfer to Illinois.[5] It offered no reason for this amendment. Before we could address venue, Mr. Stanley amended his complaint to remove Marriott and sue Columbia Sussex Management, LLC as the real owner of the hotel van. He admitted his Florida citizenship and Columbia Sussex's Kentucky citizenship. We issued a show cause order as to why we should not transfer to the Northern District of Illinois.

## II. Analysis

Mr. Stanley's only reason for retaining venue is because his Philadelphia lawyer and the Kentucky defendant's Philadelphia lawyer agreed not to object to venue. Neither party is a Pennsylvania citizen. The only nexus is the lawyers and his treating physician practices here. The lawyers' preference – especially when neither party resides here – is not enough. This is a federal court responsible to annually resolve thousands of disputes involving issues affecting Pennsylvania interests. We are not a private arbitration forum. We are not reviewing a contractual forum selection clause. We are reviewing venue for a personal injury case brought

2

by a Florida citizen against a Kentucky citizen occurring in Chicago and governed by Illinois negligence law.

Under 28 U.S.C. §1404(a), a district court "[f]or the convenience of parties and witnesses, in the interest of justice, . . . may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."[6]

Under §1404(a), we first ask whether the alternate venue is one in which the case "might have been brought."[7] Congress defined proper venue in 28 U.S.C. §1391(b): "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[8] Mr. Stanley could have sued Columbia Sussex in Florida, Kentucky or Illinois under § 1391(b).

Having found Mr. Stanley might have brought his personal injury case in Florida, Kentucky or Illinois, we enjoy broad discretion and decide the most convenient venue on a case-by-case basis.[9] Our court of appeals directs under discretion requiring we consider whether *Jumara's* private and public interest factors support a transfer for the convenience of the parties and witnesses and in the interests of justice.

3

The *Jumara* private interest factors include:

[1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).[10]

The *Jumara* public interest factors include:

[1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.[11]

The totality of these private and public interest factors weigh in favor of transfer to the Northern District of Illinois. While we ordinarily give deference to a plaintiff's choice of forum, he chose the Court of Common Pleas of Philadelphia County which is not the state court for his residence. Columbia Sussex's challenged conduct occurred entirely in the Northern District of Illinois. The knowledgeable witnesses to the auto accident are located in Illinois. The accompanying records are generated in Illinois. The witnesses in this District can be deposed to the extent necessary. While Columbia Sussex does not challenge our personal jurisdiction over it, we find a claim based entirely upon conduct relating to an accident involving witnesses and documents in Illinois is more appropriately resolved under Fed.R.Civ.P. 1 and Section 1404(a) in the Northern District of Illinois which enjoys personal jurisdiction over Columbia Sussex for a personal injury occurring within its District.

### A. *Jumara's* private interest factors are neutral.

The private interest factors, considered as a whole, are neutral. While contractual forum selection clauses may eliminate our need to consider the parties' private interests, we are not addressing a forum selection clause signed by the parties. Even when reviewing a forum selection clause, we only presume the parties' intent is defined by their agreement subject to our review. As the Supreme Court recently reminded us, forum selection is not the same as venue.[12] We cannot blindly presume venue simply because Philadelphia lawyers decide to keep the case in their home city when no party is in this District and the incident occurred in Chicago.

#### 1. Mr. Stanley's preferred forum is not given paramount consideration.

Mr. Stanley is a Florida citizen. He retained a Philadelphia lawyer to recover for alleged negligence in Illinois. He treated with a Pennsylvania doctor after the alleged negligence. But he argues it will be more convenient to him personally if the case remains in the Eastern District of Pennsylvania because he travels here for work and has family here.[13] Mr. Stanley offers no legitimate reason as to why the case should remain here.

His preference for a venue which is not his home is entitled to less deference. His choice "is not dispositive and receives less weight when none of the operative facts occurred" here.[14] "When 'the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight.'"[15]

Mr. Stanley concedes his choice of forum is given less deference since the incident did not occur here, but claims his choice is "still most important" in reference to the *Jumara* factors.[16] This is not true. The court decides the weight of each factor, but we do look to what

5

both the plaintiff and defendant cite as their forum preference. We give his preference exactly what Mr. Stanley says, *consideration*. Without links to the Commonwealth, the mere convenience to him based on visiting family or having a treating physician here is not persuasive. The consideration we give to Mr. Stanley's preference will not dictate where the venue will be.

### 2. Columbia Sussex's preference is given less weight.

Columbia Sussex also prefers to litigate this case involving its Illinois' agents' conduct here. It does not establish minimum contacts with the Eastern District. We afford limited weight favoring venue in this District but it cannot overcome the great majority of considerations requiring transfer.

### 3. Mr. Stanley's claim arose in Illinois.

Mr. Stanley sues Columbia Sussex for an accident in Chicago. This factor weighs in favor to transfer to the Northern District of Illinois.

### 4. The convenience of the parties is neutral.

We are concerned with the convenience of the *parties*. Not the counsel. But the parties seemingly believe this venue is convenient. The two witnesses identified in this District (including a treating physician) can be deposed here. If the case remained here, Columbia Sussex would need to produce Illinois citizens for deposition there and, if necessary, procure their appearance here. This factor is neutral. .

### 5. Convenience of the witnesses favors transfer.

Mr. Stanley refers to the witnesses as "expected" to testify.[17] This factor is only considered in light of the witnesses being unavailable.[18] Mr. Stanley never states his witnesses would be unavailable or unwilling to testify. He stated they are only "expected" to testify. The

6

*only* links Mr. Stanley claims to have to the Eastern District of Pennsylvania are not confirmed to appear in this court. We cannot allow a case to remain here purely based on speculation of links to the forum.

Mr. Stanley does not allege witness inconvenience in appearing at trial in Chicago. The witnesses will be deposed in their home districts. Mr. Stanley must give us a number of witnesses, the materiality of the witnesses, distance from each potential court, and length of time each witness must appear at trial.[19] Since Mr. Stanley did not offer this information, he did not prove witness inconvenience.[20] Mr. Stanley offers vague assertions about witnesses he would *like* to call which is not enough to prove sufficient inconvenience.[21] This factor is neutral.

### 6. Books and records are not located here.

The records relating to the Chicago accident – with the exception of medical treating records – are in the Northern District of Illinois. The medical records will be produced regardless of the venue. We are aware of no inconvenience in either venue. This factor is neutral.

### B. *Jumara's* public interest factors strongly favor transfer.

The public interest factors strongly weigh in favor of transfer.

### 1. Either District can enforce the judgment.

Both this Court and the Northern District of Illinois can enforce the judgment and transfer to Kentucky. Mr. Stanley's counsel claims Columbia Sussex has assets in each District. We are not sure but the amended complaint confirms Columbia Sussex has assets in the Northern District of Illinois – this hotel and van.[22] If we enter a certain judgment, it is enforceable in the Northern District of Illinois. This facto slightly favors transfer.

7

## 2. Practical considerations for trial favor transfer.

We may retain venue if trial would be easy, expeditious, and inexpensive. Columbia Sussex does not have a principal place of business in Pennsylvania.[23] With this, we assume any employees of Columbia Sussex who may be relevant to witness accounts for trial are not in Pennsylvania. We know Columbia Sussex has agents in Chicago involved with the hotel and van. It would be less expensive, easier, and faster to hold the trial where the incident happened. This factor weighs in favor of transfer.

## 3. The relative administrative difficulty in the two fora resulting from court congestion

We try to ensure a forum with no interest in the issue does not over congest its court system. Mr. Stanley does not address this factor. Both this District and the Northern District of Illinois are busy urban courts. Congress commissioned 22 active judgeships for each District and both Districts have four vacancies in commissioned judges. There is no suggestion that allowing the case to remain here or transferring it to the Northern District of Illinois will congest either of the courts. When there is no evidence of difference between the fora, this factor is neutral.[24]

## 4. The local interest in deciding local controversies at home strongly favors transfer.

No matter how small the home forum's interest in solving the issue may be, it must outweigh any interest the chosen forum may possess.[25] This District has no interest in the present issue. The incident did not occur here. Neither party is a citizen. We are not applying Pennsylvania law. Neither of the parties satisfies minimum contacts. The Northern District of

Illinois has a substantially greater interest because the incident happened there and Columbia Sussex runs a business there. For these reasons, this factor strongly weighs in favor of transfer.

### 5. The public policies of the fora favor transfer.

Mr. Stanley offers no public policy reason to retain the case here. This is a negligence case against a hospitality business operating in Chicago. Illinois has a greater interest in ensuring its public policy of enforcing its negligence law than we do. This factor favors transfer.

### 6. The judge's familiarity with Illinois law favors transfer.

Illinois law governs Mr. Stanley's negligence claim. If the other factors favored retaining venue, we may apply Illinois law, but the Northern District of Illinois is better suited. A court in Illinois would have extensively more experience interpreting and applying Illinois law than we will. This factor weighs in favor of transfer.

## III. Conclusion

After careful analysis of the *Jumara* factors and exercising our broad discretion, we transfer the Florida citizen's claim for negligence against a Kentucky citizen arising from alleged negligence in Illinois to the Northern District of Illinois.

---

[1] ECF Doc. No. 1.

[2] ECF Doc. No. 9.

[3] ECF Doc. No. 1.

[4] ECF Doc. No. 6.

[5] ECF Doc. No. 7.

[6] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation omitted); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).

[7] 28 U.S.C. §1404(a).

[8] 28 U.S.C. §§1391(b)(1) – (3).

[9] *Adams v. Norfolk S. Ry. Co.*, No. 16-4135, 2016 WL 6568092, at *2 (E. D. Pa. Nov. 3, 2016) (holding district courts have full discretion on whether the particular facts of a case weigh for or against transfer based on convenience and fairness).

[10] *Id.* (citations omitted).

[11] *Id.* (citations omitted).

[12] *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 56 (2013).

[13] ECF Doc. No. 17.

[14] *Madrazo v. Welcome Hotel Group, LLC*, No. 18-0427, 2018 WL 1942369, at *4 (E.D.Pa. Apr. 25, 2018); *Dontar AI Inc. v. J.D.Irving, Ltd.*, No. 14-727, 2014 WL 1679713, at *4-5 (E.D.Pa. Apr. 25, 2014).

[15] *Id.* (citing *Cancer Genetics, Inc. v. Kreatech Biotechnology, B.V.*, No. 07-273, 2007 WL 4365328, at *5 (D.N.J. Dec. 11, 2007).

[16] ECF Doc. No. 17.

[17] *Id.*

[18] *Jumara*, 55 F.3d at 879.

[19] *Filtec Corp. v. Allied Signal, Inc.*, No. 88-255-JRR, 1989 WL 201603, at *4 (D. Del. June 1, 1989) (Stating when there is an inconvenience to a witness of this nature, the above information is required for the court to decide whether the inconvenience is satisfactory to either transfer or keep venue).

[20] *Lie v. Texaco Refining and Marketing Inc.*, No. 89-7614, 1992 WL 7175, at *2 (E. D. Pa. Jan. 9, 1992).

[21] *Id.*

[22] *Jumara*, 55 F.d3 at 879.

²³ ECF Doc. No. 17 pages 19-22. Ex's "C" and "D."

²⁴ *Gordon v. Houghton Mifflin Harcourt Publ'g Co.*, No. 14-4703, 2015 WL 3871788, at *7 (E. D. Pa. June 23, 2015)(stating when there is no evidence tipping in either direction, the factor has no impact on the decision).

²⁵ *Id.*